DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Berle Carter, appeals the decision of the Summit County Court of Common Pleas, which resentenced him in accordance with R.C. 2929.19(B)(3)(e). This Court affirms.
 I. {¶ 2} On April 23, 1999, a grand jury indicted appellant on two counts of aggravated robbery, with two gun specifications, and one count of having weapons under disability. On August 17, 1999, appellant entered a plea negotiation with the State and pled guilty to one count of robbery, while the other charges were dismissed. On August 19, 1999, the trial court sentenced him to a seven-year prison term. On April 12, 2001, appellant filed a delayed motion for post-conviction relief and the trial court denied the motion. This Court heard the appeal and affirmed the decision of the trial court in State v. Carter (Aug. 29, 2001), 9th Dist. No. 20572.
 {¶ 3} On August 9, 2002, appellant filed a motion for delayed appeal and this Court granted the motion, limiting the appeal to only matters pertaining to appellant's imposed sentence. Upon review of appellant's delayed appeal, this Court reversed in part and remanded the case so that the trial court could resentence appellant only inasmuch as it would advise him in accordance with R.C. 2929.19(B)(3)(e), without effecting appellant's actual prison sentence. State v. Carter, 9th Dist. No. 21212, 2003-Ohio-1131. Pursuant to the remand, a hearing was held and the trial court resentenced appellant on May 29, 2003. The resentencing entry was filed June 2, 2003.
 {¶ 4} It is from the June 2, 2003 resentencing entry that appellant brings the instant appeal and sets forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred to the prejudice of the appellant upon the basis by failing to impose the sentence in accordance with the terms of the sentencing contract reached with the summit county prosecutor."
 SECOND ASSIGNMENT OF ERROR
"The trial court was required to impose any consequences pursuant to R.C. § 2929.19(B)(3)(E) as part of the actual prison term based on the terms of the sentencing contract."
 THIRD ASSIGNMENT OF ERROR
"The journal entry from the resentencing hearing must be vacated based upon the inconsistent sentencing imposed in open court as reflected in the record of the resentencing hearing."
 {¶ 5} In his three assignments of error, appellant argues the trial court erred because its resentencing of him was inconsistent with the court's original sentencing entry. Appellant argues the inconsistencies are reflected in the record of the resentencing hearing and the court's resentencing entry must be vacated. This Court disagrees.
 {¶ 6} An appellant has the burden to supply the record that demonstrates the error on appeal. Reese v. Village of Boston Hts. (Jan. 22, 1992), 9th Dist. No. 15156; see, also, App.R. 9(B). In addition, "[i]t is the duty of the appellant to arrange for the timely transmission of the record, * * * and to ensure that the appellate court file actually contains all parts of the record that is necessary to the appeal." Loc.R. 5(A). "This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384; App.R. 9(B)." State v. Sugalski, 9th Dist. No. 02CA0054-M, 2002-Ohio-6767, at ¶ 11.
 {¶ 7} In the instant case, appellant's entire argument pivots on what was said at his resentencing hearing on May 29, 2003. The docketing statement indicates that the record on appeal was to consist of "ONLY the original papers, exhibits and a certified copy of the docket and journal entries." Although appellant attached a copy of the purported resentencing hearing to his praecipe, the record does not contain an official transcript of the May 29, 2003 resentencing hearing. The record on appeal consists of only the docket and journal entries from the trial court. This Court finds that the docket and journal entries, without any transcript or App.R. 9(C) statement of the relevant trial court proceedings, are insufficient to satisfy the appellant's burden of establishing error. This Court has held:
"A presumption of validity accompanies the ruling of the trial court. Without those portions of the record necessary for the resolution of an appellant's assignment of error, `the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings and affirm.'" Sugalski at ¶ 15, quoting Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 8} Appellant failed to provide the relevant portions of the record, in the form of either an official transcript or App.R. 9(C) statement, necessary for review of his assignments of error; therefore, this Court must presume the regularity of the trial court's proceedings and affirm its judgment. See, e.g., Buckingham, Doolittle Burroughsv. Brady (Feb. 1, 1995), 9th Dist. No. 16835; Kaser v. Kaser (Oct. 7, 1992), 9th Dist. No. 2110.
 III. {¶ 9} Accordingly, appellant's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird, P.J., Batchelder, J., concur.