[Cite as *State v. Clay*, 2011-Ohio-5370.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO  C.A. No.  25743

    Appellee

    v.  APPEAL FROM JUDGMENT
ENTERED IN THE
MICHAEL F. CLAY  COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
    Appellant  CASE No.  CR 06 12 4417

DECISION AND JOURNAL ENTRY

Dated: October 19, 2011

MOORE, Judge.

{¶1}    Appellant, Michael F. Clay, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part and vacates in part.

I.

{¶2}    In 2007, a jury found Clay guilty of murder, child endangering and felonious assault. The trial court issued a sentencing entry on August 21, 2007. Clay appealed his convictions to this Court, and this Court affirmed. *State v. Clay*, 9th Dist. No. 23889, 2008-Ohio-2158.

{¶3}    On November 18, 2010, the trial court held a resentencing hearing to correctly impose postrelease control, which the trial court had failed to impose at the sentencing hearing and within the corresponding August 21, 2007 entry. On December 14, 2010, the court issued a nunc pro tunc entry, in part correcting the imposition of postrelease control.

{¶4}    Clay timely filed a notice of appeal from the December 14, 2010 entry.  He raises one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT'S NUNC PRO TUNC ENTRY DATED DECEMBER 14, 2010[ ]DOES NOT COMPORT WITH THE MANDATES OF THE OHIO SUPREME COURT'S DECISION IN *STATE V. MILLER*[,] 127 OHIO ST.3D 407, [2010-OHIO-5705] AND AS SUCH IS INVALID."

{¶5}    In his sole assignment of error, Clay argues that the trial court's December 14, 2010 entry is invalid because the original entry was not void, and thus the trial court lacked the authority to later issue a nunc pro tunc entry imposing postrelease control.  We disagree.

{¶6}    In *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at ¶23, the Ohio Supreme Court held that R.C. 2929.191 sets forth "a statutory remedy to correct a failure to properly impose postrelease control."  This statutory remedy, applicable to sentences imposed after the statute's effective date of July 11, 2006, provides,

> "[T]rial courts may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control."  *Id.*.

{¶7}    Clay argues that the Ohio Supreme Court declared this statutory remedy invalid in *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705.  In *Miller*, the Court held that "a trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error."  Id. at ¶14, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d .353, 2006-Ohio-5795, at ¶19.  Clay then cites *Singleton* and our decisions following *Singleton*, wherein it

was held that judgments that failed to correctly impose postrelease control after the effective date of R.C. 2929.191 were not "void," but were instead "voidable." *Singleton* at ¶27; see, e.g., *State v. Jones*, 9th Dist. No. 25254, 2010-Ohio-3850, at ¶8, citing *State v. Evans*, 9th Dist No. 09CA0102-M, 2010-Ohio-2514, at ¶7. Thus, Clay argues that the judgment in his case, which was imposed after the effective date R.C. 2929.191, was not void, and that *Miller* prohibits the trial court from altering its original sentencing entry to correctly impose postrelease control.

{¶8}     However, Clay's argument is at odds with the Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.   In *Fischer*, the Court recognized that differences between "void" and "voidable" judgments "sparked a recurrent and increasingly divisive debate in [Ohio's] case law on sentences that fail to properly impose postrelease control in accordance with the terms mandated by the General Assembly."   Id. at ¶6.   In *Fischer*, the Supreme Court held that, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, *that part of the sentence* is void and must be set aside." (Emphasis added.)  Id. at ¶26.

{¶9}     Accordingly, the part of Clay's sentence that improperly imposed postrelease control was void. See id.   Thus, the trial court had the authority to correct *that part of the sentence* which was void. See id.   Therefore, the trial court did not err in utilizing a nunc pro tunc entry to correctly impose postrelease control.   However, we note that the trial court's December 14, 2010 entry alters the August 21, 2007 entry in ways unrelated to postrelease control.   To the extent that the December 14, 2010 entry attempted to alter sentencing unrelated to the imposition of postrelease control, it must be vacated.

III.

{¶10} Clay's assignment of error is overruled. To the extent that the December 14, 2010 entry addresses postrelease control, it is affirmed, and to the extent that the December 14, 2010 entry altered the August 21, 2007 entry in ways unrelated to postrelease control, it is vacated. Clay's original sentences as set forth in the August 21, 2007 entry remain intact, as does that portion of the December 14, 2010 entry that addresses postrelease control.

Judgment affirmed in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR

APPEARANCES:

THOMAS C. LOEPP, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.