[Cite as *State v. Knuckles*, 2013-Ohio-4024.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

    v.

RODNEY KNUCKLES

    Appellant

C.A. No.    26830

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 10 04 1130

DECISION AND JOURNAL ENTRY

Dated: September 18, 2013

MOORE, Presiding Judge.

{¶1}    Defendant-Appellant, Rodney Knuckles, appeals from the February 15, 2013 judgment entry of the Summit County Court of Common Pleas. We affirm.

I.

{¶2}    In October of 2010, Mr. Knuckles pleaded guilty to burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree. The trial court sentenced him to five years of imprisonment, suspended, with two years of community control. In April of 2012, Mr. Knuckles violated the terms of his community control, pleaded guilty, and was sentenced to an additional two years of community control with all other terms of his sentence remaining in full effect. A few weeks later, Mr. Knuckles again violated the terms of his community control and later pleaded guilty to the charges. In July of 2012, the trial court sentenced him to a definite period of five years of imprisonment, not mandatory, to run concurrently with a sentence imposed in another case.

{¶3}    Mr. Knuckles did not appeal from the April or July judgment entries.

{¶4}    On October 24, 2012, Mr. Knuckles filed a motion to correct an improper sentence pursuant to Crim.R. 36.  In his motion, Mr. Knuckles argued that, based upon the enactment of H.B. 86 in 2011, the maximum sentence for a third degree felony is thirty-six months.  Mr. Knuckles also relied upon the Tenth District Court of Appeals' decision in *State v. Nistelbeck*, 10th Dist. Franklin County No. 11AP-874, 2012-Ohio-1765.  The trial court denied Mr. Knuckles' motion stating that (1) sentence was imposed, although suspended, in 2010, and (2) his argument is barred by the doctrine of res judicata.

{¶5}    Mr. Knuckles appealed, presenting one assignment of error for our consideration.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED IT[S] DISCRETION AND DID NOT COMPLY WITH THE STATUTORY REQUIREMENTS [] WHEN IT IMPOSED A PRISON TERM FOR A VIOLATION OF COMMUNITY CONTROL ON [JUNE 26, 2012].

{¶6}    In his sole assignment of error, Mr. Knuckles argues that the trial court erred in sentencing him to five years of imprisonment for burglary, a third degree felony, in its July 3, 2012 judgment entry.

{¶7}    The record indicates, however, that Mr. Knuckles did not appeal from the July 3, 2012 judgment entry.  As such, Mr. Knuckles' argument is barred under the doctrine of res judicata. The doctrine of res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

**{¶8}** Therefore, because Mr. Knuckles could have raised this issue on direct appeal from the July 3, 2012 judgment entry, he is now barred from asserting it under the doctrine of res judicata.

**{¶9}** Accordingly, Mr. Knuckles' assignment of error is overruled.

III.

**{¶10}** In overruling Mr. Knuckles' sole assignment of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

RODNEY KNUCKLES, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.