[Cite as *State v. Williams*, 2014-Ohio-1608.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27101 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CAMERON D. WILLIAMS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 07 08 2540 |

DECISION AND JOURNAL ENTRY

Dated: April 16, 2014

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Cameron D. Williams appeals from the trial court's September 30, 2013 entry issued pursuant to R.C. 2929.191. For the reasons set forth below, we affirm.

I.

{¶2} This case has a long procedural history which has been discussed in varying amounts of detail by this Court and the Supreme Court of Ohio. *See State ex rel. Williams v. Hunter,* Slip Opinion No. 2014-Ohio-1022; *State v. Williams,* 9th Dist. Summit No. 26353, 2012-Ohio-4140; *State v. Williams,* 9th Dist. Summit No. 25879, 2011-Ohio-6141; *State v. Williams*, 9th Dist. Summit No. 24169, 2009-Ohio-3162. For purposes of this appeal, we reiterate only portions of it.

{¶3} "A jury convicted [Mr.] Williams in March 2008 of a number of offenses, including two counts of aggravated murder with capital specifications." *State ex rel. Williams* at

¶ 3. The trial court merged the aggravated-murder convictions and an additional murder conviction and sentenced Mr. Williams to a total sentence of life in prison with parole eligibility after 69 years. *Id.* On direct appeal, we reversed a conviction for violating a protection order, but otherwise affirmed. *See Williams,* 2009-Ohio-3162, at ¶ 55, 61. The trial court denied Mr. Williams' initial petition for post-conviction relief while his direct appeal was pending. *State ex rel. Williams* at ¶ 3.

{¶4} The Supreme Court summarized Mr. Williams' post-conviction filings as follows:

[Mr.] Williams then filed a number of motions, including one for a new trial and one to dismiss an aggravated-burglary count, both of which were denied. He did not appeal the order denying the motion for a new trial, and his appeal of the order denying the motion to dismiss was dismissed when he failed to file a brief. He also filed a motion for resentencing, arguing that he had been improperly sentenced on allied offenses of similar import. That motion was denied. The court of appeals affirmed the denial on the basis that the motion was in fact an impermissible successive post[-]conviction petition.

In August and December 2011, [Mr.] Williams filed additional motions for resentencing and for a final, appealable order, which were denied as barred by res judicata and by the prohibition against successive petitions for post[-]conviction relief. The court of appeals affirmed.

(Internal citations omitted.) *Id.* at ¶ 4-5.

{¶5} Mr. Williams continued to file various motions, including one in December 2012 entitled "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" and another in April 2013 entitled "Motion to Correct an Illegal Sentence Pursuant to[] R.C. 2967.28(B), R.C. 2953.08(G)(2)(b), R.C. 2929.191[.]" On May 30, 2013, the trial court issued an entry denying Mr. Williams' motion for a final, appealable order and petition to vacate or set aside judgment of conviction or sentence but granting his motion to correct an illegal sentence "only as it relates to the imposition of post-release control." The trial court concluded that it was required to hold a

resentencing hearing to correct the post-release control notifications. Mr. Williams did not appeal from the trial court's May 30, 2013 entry.

{¶6} Mr. Williams continued to file various motions in the trial court, including July 2013 motions for de novo resentencing, for waiver of prosecution costs, to correct illegal sentences, and for a new trial. In August 2013, he filed a motion "requesting a 'plain error' analysis pursuant to Criminal Rule 52(B), and hearing scheduled to correct post-release control error." In September 2013, he filed another motion for resentencing.

{¶7} The trial court conducted a hearing on September 10, 2013, "to correct notification to [Mr. Williams] of his post-release control requirements." That entry was journalized on September 30, 2013. Additionally, on September 30, 2013, the trial court denied Mr. Williams' motion for plain error analysis and motion for a new trial. On October 8, 2013, Mr. Williams filed a notice of appeal from the trial court's "judgment and sentence" of September 30, 2013. The only entry attached to the docketing statement was the trial court's September 30, 2013 entry correcting post-release control notification.

{¶8} Mr. Williams has appealed pro se, raising nine assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT'S ENTRY DATED SEPTEMBER 30, 2013, DOES NOT COMPLY WITH CRIM.R. 32(C) BECAUSE IT FAILS TO REFLECT THE VERDICT, CONVICTION OR SENTENCES INCLUDING THE "DISPOSITION OF THE CAPITAL SPECIFICATIONS" AND IS SIGNED BY A JUDGE OTHER THAN THE PRESIDING JUDGE.

{¶9} Mr. Williams asserts in his first assignment of error that the September 30, 2013 entry failed to comply with Crim.R. 32(C) and, thus, is not final and appealable. We do not

agree. We note that Mr. Williams has only appealed from the trial court's September 30, 2013 entry which was entered pursuant to R.C. 2929.191 to correct erroneous post-release control notification.

{¶10} The Supreme Court of Ohio has held that, "when a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis in original.) *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26; *see State v. Clay,* 9th Dist. Summit No. 25743, 2011-Ohio-5370, ¶ 7-8 (applying *Fischer* to a case involving a sentence that occurred after the effective date of R.C. 2929.191). "For criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose post[-]release control, trial courts shall apply the procedures set forth in R.C. 2929.191." *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, paragraph two of the syllabus. "The hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B) pertain only to the flawed imposition of post[-]release control. R.C. 2929.191 does not address the remainder of an offender's sentence." *Id.* at ¶ 24. "Thus, the General Assembly appears to have intended to leave undisturbed the sanctions imposed upon the offender that are unaffected by the court's failure to properly impose post[-]release control at the original sentencing." *Id.*; *see also Fischer* at paragraphs two and three of the syllabus. Accordingly, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of post[-]release control is imposed is limited to issues arising at the resentencing hearing." *Fischer* at paragraph four of the syllabus. Moreover, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at paragraph three of the syllabus.

{¶11} Both *Fischer* and R.C. 2929.191 anticipate that errors in post-release control notification will be corrected via a limited resentencing hearing focused solely on post-release control. *See Fischer* at paragraph two of the syllabus; *Singleton* at ¶ 24; R.C. 2929.191.

> R.C. 2929.191 provides that trial courts may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates post[-]release control.

*Singleton* at ¶ 23.

{¶12} If the Supreme Court viewed R.C. 2929.191 as requiring trial courts to reissue the original sentencing entry along with the post-release control notification, it could have so specified. Given the language in *Singleton,* quoted above, and the language from *Fischer* which anticipates defendants being able to appeal from entries issued following limited resentencing hearings, *Fischer* at paragraph four of the syllabus, we conclude that the entry Mr. Williams has appealed from is a final, appealable order. *See also State v. Terry,* 2d Dist. Drake No. 09CA0005, 2010-Ohio-5391, ¶ 17 (concluding that an entry denying a defendant relief under R.C. 2929.191 was final pursuant to R.C. 2505.02(B)(2) as being entered in a special proceeding and affecting a substantial right); *State ex rel. Beard v. Zaleski*, 9th Dist. Lorain No. 10CA009836 (dismissing the matter concluding "[n]othing in *Singleton*, Section 2929.191, or Rule 32(C), required Judge Zaleski to issue an entirely new sentencing entry[,]" and, thus, Mr. Beard failed to demonstrate a clear legal right to a new sentencing entry). Mr. Williams has not pointed to any post-*Singleton* or post-*Fischer* case law which holds otherwise.

{¶13} Nonetheless, because R.C. 2929.191 anticipates the trial court issuing the corrective entry via a nunc pro tunc and there is nothing in the entry to suggest that it was issued

as a nunc pro tunc, we remand the matter so that the trial court can correct the entry to reflect the same.[1] Mr. Williams' first assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED IT[S] DISCRETION WHEN IT FAILED TO INFORM DEFENDANT OF NOTIFICATION OF RIGHT TO APPEAL AND DENIED APPOINTMENT OF APPELLATE COUNSEL.

{¶14} Mr. Williams asserts in his third assignment of error that the trial court abused its discretion in failing to inform him of his right to appeal and denying him appointed counsel for his appeal at his resentencing hearing.

{¶15} To the extent Mr. Williams is asserting that he was not notified of his right to appeal and denied appointed counsel at his September 30, 2013 resentencing hearing, we also find no merit in that argument. Even assuming, the premise of his argument had merit, he has not provided this Court with a transcript of his resentencing hearing. Accordingly, as the transcript is necessary to evaluate the merits of his assignment of error, and it was his burden to provide the relevant portions of the record, we are required to presume regularity in the trial court's proceedings. *See State v. Carter,* 9th Dist. Summit No. 21622, 2003-Ohio-7170, ¶ 7-8. Mr. Williams' third assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED IT[S] DISCRETION WHEN IT FAILED TO INFORM DEFENDANT OF THE JURY VERDICTS BEFORE IMPOSING SENTENCES.

---

[1] We note that, because the trial court has already held a hearing pursuant to R.C. 2929.191, there would be no need upon remand to hold any further hearings prior to issuing the nunc pro tunc correction.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED IT[S] DISCRETION BY FAILING TO SENTENCE DEFENDANT PURSUANT TO: *STATE V. JOHNSON* WHICH CONSTITUTES PLAIN ERROR.

ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED "PLAIN ERROR" WHEN IT FAILED TO INSTRUCT THE JURY ON SECOND-DEGREE KIDNAPPING.

ASSIGNMENT OF ERROR VI

THE TRIAL COURT ABUSED IT[S] DISCRETION BY IMPOSING SENTENCES THAT ARE "UNAUTHORIZED BY LAW."

ASSIGNMENT OF ERROR VII

THE PROSECUTOR COMMITTED MISCONDUCT BY WITHHOLDING EXCULPATORY EVIDENCE AND NOT CORRECTING PERJURED TESTIMONY.

ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ABUSED IT[S] DISCRETION BY DENYING DEFENDANT'S PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION OR SENTENCE.

{¶16} In Mr. Williams' second, fourth, fifth, sixth, seventh, and eighth assignments of error he raises issues not arising from his resentencing pursuant to R.C. 2929.191. Instead, the majority of his arguments arise from his issues related to his original trial and sentencing. Mr. Williams' eighth assignment of error challenges the trial court's denial of his petition to vacate or set aside judgment of conviction or sentence. That motion was denied May 30, 2013, and was not part of Mr. Williams' resentencing pursuant to R.C. 2929.191. Mr. Williams did not appeal the May 30, 2013 entry.

{¶17} As noted above, "[t]he hearing contemplated by R.C. 2929.191(C) and the correction contemplated by R.C. 2929.191(A) and (B) pertain only to the flawed imposition of post[-]release control." *Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 24. "[R]es judicata

still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, at paragraph three of the syllabus. "The scope of an appeal from a resentencing hearing in which a mandatory term of post[-]release control is imposed is limited to issues arising at the resentencing hearing." *Id.* at paragraph four of the syllabus.

{¶18} Thus, as Mr. Williams' second, fourth, fifth, sixth, seventh, and eighth assignments of error do not relate to issues that would have arisen at the hearing held pursuant to R.C. 2929.191,[2] they are outside the scope of this appeal and are barred by res judicata. *Id.* at paragraphs three and four of the syllabus; *see also State v. Knuckles,* 9th Dist. Summit No. 26830, 2013-Ohio-4024, ¶ 7-8.

ASSIGNMENT OF ERROR IX

TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR FAILING TO ADDRESS ERRORS TWO, FOUR, FIVE, SIX, SEVEN, AND EIGHT.

{¶19} Mr. Williams asserts in his ninth assignment of error that trial and appellate counsel were ineffective for failing to raise the arguments in his second, fourth, fifth, sixth, seventh, and eighth assignments of error. He asserts that trial counsel should have objected to "these" issues and his appellate counsel should have raised them in his direct appeal. He has not otherwise developed these arguments. *See* App.R. 16(A)(7).

{¶20} Mr. Williams has only appealed from the September 30, 2013 entry issued pursuant to R.C. 2929.191. Just as the arguments raised in the above listed assignments of error

---

[2] Again we note that we do not possess a transcript of the resentencing hearing; however, the corrective entry states the hearing was conducted pursuant to R.C. 2929.191, and, absent a transcript, we must presume that it was. *See Carter,* 2003-Ohio-7170, at ¶ 7-8. Thus, we likewise presume that only post-release control was addressed at the hearing.

do not relate to Mr. Williams' resentencing, neither does this assignment of error. Mr. Williams could have raised claims concerning trial counsel's ineffectiveness in his direct appeal and could have raised issues pertaining to appellate counsel's ineffectiveness via a motion to reopen his direct appeal. This argument is likewise outside the scope of this appeal and barred by res judicata. *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, at paragraphs three and four of the syllabus.

## III.

**{¶21}** In light of the foregoing, we overrule Mr. Williams' assignments of error, but remand the matter to the trial court to correct the September 30, 2013 entry to reflect that it is a nunc pro tunc entry.

Judgment affirmed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

CAMERON D. WILLIAMS, pro se, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.