[Cite as *State ex rel. Evans v. Medina Cty. Court of Common Pleas*, 2020-Ohio-2979.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO EX REL. MICHAEL L. EVANS

    Relator

    v.

MEDINA COUNTY COURT OF COMMON PLEAS

    Respondent

C.A. No.    20CA0012-M

ORIGINAL ACTION IN MANDAMUS

Dated:  May 18, 2020

PER CURIAM.

{¶1}  Michael L. Evans has petitioned this Court for a writ of mandamus to order Respondent, Medina County Court of Common Pleas, where his case is assigned to Judge Christopher Collier, to issue a new sentencing entry in one document.  The Common Pleas Court moved to dismiss, and Mr. Evans responded in opposition.  For the following reasons, this Court grants the motion to dismiss.

{¶2}  "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy."  *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998).  The petitioner must demonstrate all three elements in order for this Court to grant the writ of mandamus.  "A court can dismiss

a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9.

{¶3} Mr. Evans set forth the long procedural history of his case in his complaint. He was indicted on various offenses in 2006 and a jury found him guilty in 2007. The trial court imposed consecutive sentences and provided an incomplete postrelease control notification stating that it was optional. He appealed his conviction, which this Court affirmed. *State v. Evans*, 9th Dist. Medina No. 07CA0057-M, 2008-Ohio-4772. Mr. Evans did not challenge the improper postrelease control notification in his direct appeal, which the Ohio Supreme Court has now recognized is required because an error in the imposition of postrelease control renders that part of the sentence voidable rather than void. *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 4.

{¶4} While Mr. Evans' direct appeal was pending, the trial court filed a nunc pro tunc entry stating that postrelease control was mandatory. After this Court affirmed, Mr. Evans appealed to the Supreme Court, which did not accept jurisdiction.

{¶5} In 2009, Mr. Evans filed a petition to vacate his void sentence, which the trial court denied. This Court affirmed, holding that the sentence was not void, but recognizing the trial court could correct the imposition of postrelease control pursuant to R.C. 2929.191. *State v. Evans*, 9th Dist. Medina No. 09CA0102-M, 2010-Ohio-2514.

{¶6}    In 2010, the trial court held a hearing, pursuant to R.C. 2929.191, to correct postrelease control.  The court set forth a complete postrelease control notification.  The trial court also reimposed the original prison sentence.  Mr. Evans appealed and this Court affirmed the correct postrelease control notification, but vacated the attempted reimposition of sentence, concluding that the statute only authorized the trial court to correct postrelease control.  S*tate v. Evans*, 9th Dist. Medina No. 10CA0127-M, 2011-Ohio-4992.

{¶7}    The trial court held another hearing, but it did not file an entry following that hearing.  Mr. Evans moved the trial court to enter a judgment, which the trial court denied.  Mr. Evans attempted to appeal that order, but this Court dismissed for lack of a final, appealable order.  *State v. Evans*, 9th Dist. Medina No. 13CA0049-M.  Almost seven years later, Mr. Evans filed this mandamus action.

{¶8}    In his complaint, Mr. Evans asked this Court to order Respondent to issue a final, appealable, order.  Specifically, he has alleged that he has a right to a judgment of conviction in a single judgment entry, that the trial court has a duty to issue a judgment of conviction in one entry, and he has no adequate remedy by way of appeal.  Mr. Evans relied on *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, for the proposition that the trial court must issue a judgment of conviction in one document.

{¶9}    This Court has previously addressed the one-document issue in the context of the correction of postrelease control.  We have specifically held that when a trial court corrects postrelease control pursuant to R.C. 2929.191, the entry that corrects postrelease control is a final, appealable order and the original judgment of conviction stands with the

nunc pro tunc entry as a judgment of conviction. *State v. Williams*, 9th Dist. Summit No. 27101, 2014-Ohio-1608, ¶ 12. We recognized that "[i]f the Supreme Court viewed R.C. 2929.191 as requiring trial courts to reissue the original sentencing entry along with the post-release control notification, it could have so specified." *Id. See, also, State v. Gilcreast*, 9th Dist. Summit No. 29347, 2020-Ohio-1207, ¶ 35.

{¶10} The trial court does not have a duty to issue a new, "one document," judgment of conviction with the corrected postrelease control. Mr. Evans does not have a corresponding right to a single document containing his nunc pro tunc postrelease control correction and his original judgment of conviction. Accordingly, Mr. Evans is not entitled to a writ of mandamus.

{¶11} Because Mr. Evans is not entitled to a writ of mandamus, the motion to dismiss is granted, and this case is dismissed.

{¶12} Costs are taxed to Mr. Evans. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MICHAEL L. EVANS, Pro se, Relator.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Respondent.