[Cite as *State v. Cox*, 2020-Ohio-5030.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-14 |
| | : | |
| v. | : | Trial Court Case No. 2010-CR-365 |
| | : | |
| MICAH A. COX | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 23rd day of October, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 46½ North Sandusky Street, Delaware, Ohio 43015
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Micah A. Cox appeals from the trial court's February 14, 2020 "entry" following a limited resentencing solely to address the imposition of a mandatory fine.

{¶ 2} Cox's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1369, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review. Counsel did identify two potential issues but concluded that they lack arguable merit. Cox has filed his own appellate brief in which he raises five assignments of error.

{¶ 3} The record reflects that Cox was found guilty of multiple drug-trafficking and drug-possession charges in 2011. After merging allied offenses, the trial court imposed an aggregate 16-year prison term. This court affirmed on direct appeal, overruling 13 assignments of error. *See State v. Cox*, 2d Dist. Greene No. 2011-CA-19, 2012-Ohio-2100. Thereafter, in June 2019, Cox filed motion for a final appealable order. He argued among other things that his 2011 judgment entry was void because it failed to impose a mandatory fine and because it imposed discretionary rather than mandatory post-release control on one count. The trial court resolved the motion in a July 3, 2019 entry. It noted that the original March 7, 2011 judgment entry had not imposed a fine despite the fact that no affidavit of indigence had been filed. Absent an affidavit, the trial court concluded that a mandatory fine was missing from the judgment. The trial court determined that the judgment entry was "void" to the extent that it failed to impose the fine[1]. The trial court

---

[1] In *State v. Moore,* 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus, the Ohio Supreme Court had held that failure to impose a mandatory fine rendered that part of the judgment void, as Cox here contends, and therefore the judgment would be subject to subsequent attack despite not having been raised on direct appeal. *Moore* was recently called into question in *State v. Harper,* Ohio Slip Opinion No. 2020-Ohio-2913, __ N.E.3d

held that the remainder of the judgment entry was not void and that res judicata applied to all other portions of it. The trial court set the matter for resentencing for the limited purpose of addressing the mandatory fine. The trial court observed, however, that Cox had filed an affidavit of indigence in November 2018 in connection with post-conviction matters. Finally, the trial court rejected Cox's argument about post-release control being mandatory on one count. It found that post-release control was discretionary rather than mandatory and, therefore, that the March 7, 2011 judgment entry was not erroneous.

{¶ 4} The trial court held the limited resentencing hearing on February 7, 2020. At the outset of the hearing, the trial court made a finding that Cox had been advised of the resentencing, that arrangements had been made for him to participate through video conferencing, and that he knowingly had refused to participate. In light of Cox's decision not to participate, the trial court proceeded in his absence. (Feb. 7, 2020 Tr. at 3.) Defense counsel then moved for waiver of the mandatory fine based on the November 2018 affidavit of indigence. In light of Cox's affidavit and continued incarceration, the trial court waived the fine. (*Id.* at 4.) The trial court filed a February 14, 2020 entry memorializing its ruling and imposing no fine. This appeal followed.

{¶ 5} In the *Anders* filing, appointed appellate counsel first suggests that the trial

---

__, in which the Supreme Court of Ohio "realigned" its void/voidable jurisprudence, specifically relating to post-release control, "with the traditional understanding of void and voidable sentences." *Id*. at ¶ 43. In our opinion, the *Harper* jurisprudence realignment applies to the failure to impose a mandatory fine, and that part of Cox's judgment was not void. Because he did not raise the mandatory fine error in his direct appeal, he cannot raise it now. That would render moot all his arguments about appointment of counsel, ineffectiveness, a video hearing, and the form of the court's judgment, as discussed below, because if that part of his judgment was not void, he was not entitled to have the mandatory fine issue revisited. Because *Harper* was not raised in the briefs, we alternatively have decided this matter on the issues raised in briefing.

court erred in waiving the fine. Counsel correctly concludes that this argument is frivolous for two reasons. First, waiver of the fine worked to Cox's advantage, so no reason exists to challenge the decision. Second, the trial court had authority to waive the fine based on Cox's affidavit of indigence and continued incarceration. Appointed appellate counsel next suggests that the trial court erred in rejecting Cox's argument about post-release control being mandatory rather than discretionary. Once again, however, counsel concludes that such an argument is frivolous because the decision benefitted Cox and because it was correct. Upon review, we agree that Cox benefitted from receiving discretionary rather than mandatory post-release control. The trial court also correctly found that post-release control was discretionary on the conviction at issue, which involved third-degree felony trafficking in cocaine. The trial court recognized that the version of R.C. 2967.28(B) in effect at the time of Cox's conviction provided for mandatory post-release control "for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm[.]" Because Cox did not cause or threaten physical harm, the trial court correctly concluded that post-release control was not mandatory under R.C. 2967.28(B). As a result, we agree that counsel's second proposed argument is frivolous.

{¶ 6} In his pro se brief, Cox admits being informed of the scheduled "video resentencing." He contends he told prison staff "that if he were to appear on video for resentencing, he would be waiving his Constitutional Right to be present at a critical stage of the proceedings * * *." (Appellant's Pro Se Brief at 5.) He further contends that he was not directed to report to the telecommunications room at prison to confer with counsel or participate in the hearing. Cox claims he only later learned through family members that

counsel had been appointed, that counsel had moved to have the fine waived, and that the trial court had waived the fine in his absence. None of Cox's assertions about what occurred in prison are part of the record before us. With regard to the issues before us, we are limited to the hearing transcript and the trial court's February 14, 2020 entry waiving a fine. In both the transcript and the entry, the trial court stated that it had been advised of Cox's refusal to participate in the hearing. The trial court's February 14, 2020 entry states: "An audio/video connection was established with ODRC. ODRC reported that the Defendant refused to report to the telecommunications room for purpose of meeting with his attorney or participating in the hearing or both." Cox cites nothing in the record to refute this finding. In the absence of evidence to the contrary, we will presume regularity in the trial court's proceedings and accept that Cox refused to meet with his attorney or participate in the hearing electronically.

{¶ 7} In his first assignment of error, Cox alleges ineffective assistance of counsel in connection with the resentencing. He first argues that he did not desire and did not request to be represented by counsel. He asserts that he had strategic reasons for wanting a fine to be imposed and that counsel derailed his plans. In particular, he argues that adding a fine to his sentence would have required de novo resentencing. He also claims adding a fine to his sentence would have enabled him to file another federal habeas petition without it being considered "successive."[2] He further asserts that counsel

---

[2] Cox apparently believes imposition of a mandatory fine would constitute a new judgement which would allow him to raise any aspect of that judgment in a new federal habeas corpus petition. Cox relies on the case *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) which supports the notion for full consideration of any issue in a successive petition when there is a new judgment. But in this case Cox is clearly wrong. The new judgment idea only applies to a change in parts of the sentence that involve custody or potential custody, like the post release control in Stansell's case. The subsequent petition idea

provided ineffective assistance by failing to consult with him before seeking waiver of the fine.

{¶ 8} On the record before us, we find no prejudicially deficient representation by counsel. As a threshold matter, the trial court was required to appoint counsel for resentencing in the absence of a waiver. The Ohio Supreme Court has recognized that a resentencing to impose post-release control is a "critical stage" of the criminal proceeding to which a right to counsel applies. This is so because post-release control is part of a defendant's sentence. *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, ¶15-16. Based on *Schleiger*, a resentencing to address a mandatory fine is no different, as a fine also is part of a criminal sentence, although we note a fine does not involve incarceration. *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 12. Cox now insists that he did not want counsel to represent him for resentencing, but the record does not reflect a waiver of counsel for that purpose. As set forth above, Cox refused to participate in the proceeding. Absent a waiver of counsel by Cox, we see no non-frivolous issue as to whether defense counsel's act of participating in the resentencing constituted ineffective assistance.

{¶ 9} Cox also alleges ineffective assistance based on defense counsel interfering with his personal reasons for wanting a fine to be imposed. This argument is unpersuasive for at least two reasons. First, the record does not reflect that defense counsel knew of Cox's personal reasons for wanting a fine to be imposed, and the trial court found that Cox had refused to communicate with his attorney electronically before

---

does not apply to changes in a fine or restitution, including the addition of a mandatory fine. Financial changes do not involve custody, which is the predicate for habeas relief. *See e.g., Osbourne v. Secy., Florida Dept. of Corr.*, 968 F.3d 1261, 1266, (11th Cir. 2020).

the resentencing hearing. Under these circumstances, defense counsel did not provide deficient representation by failing to advocate for the imposition of a fine. Second, the trial court was required to waive Cox's fine regardless of his personal wishes. Prior to the resentencing hearing, Cox filed an affidavit of indigence. Where an offender files an affidavit of indigence and the trial court makes a finding of indigence, a trial court "shall not impose the mandatory fine on an offender." R.C. 2929.18(B)(1). Based on Cox's November 26, 2018 affidavit, the trial court made a finding of indigence at the resentencing hearing. Therefore, it was required to waive the fine. Cox's first assignment of error does not have arguable merit.

{¶ 10} In his second assignment of error, Cox contends he was denied his right to be physically present for resentencing. Cox argues that if he had been present in court, he would have fired his attorney and would have argued that the trial court was required to impose a fine.

{¶ 11} We agree that Cox had a right to be physically present for resentencing. Crim.R. 43(A)(1). We note that a trial court may allow a defendant to participate by video provided a waiver has been obtained and other conditions are met. A defendant must make such a waiver in writing or otherwise on the record. Crim.R. 43(A)(3). Here neither Cox nor his attorney affirmatively waived his right to be physically present for resentencing. As set forth above, the record reflects only that Cox refused to participate in the video proceeding. Defense counsel proceeded to act on Cox's behalf without raising the issue of his absence from the courtroom. The trial court then made a finding of indigence based on Cox's prior affidavit and waived the fine, as R.C. 2929.18(B)(1) obligated it to do.

{¶ 12} Under these circumstances, we conclude that the trial court erred in proceeding without an affirmative waiver of Cox's right to be physically present. We note, however, that a defendant's absence in violation of Crim.R. 43(A) is subject to harmless-error analysis. *State v. Brown*, 2d Dist. Montgomery No. 26320, 2015-Ohio-3912, ¶ 10 (observing that "a defendant's absence in violation of Crim.R. 43(A) can constitute harmless error where he suffered no prejudice, even though such absence was improper").

{¶ 13} On the record before us, we find harmless error in Cox's lack of physical presence for resentencing, and we see no non-frivolous argument to the contrary. The only issue before the trial court concerned the imposition of a fine. Based on Cox's own affidavit, the trial court found him indigent and waived the fine, as it was required by statute to do (and as it had done at the time of his original 2011 sentencing). We see no evidence to suggest that the outcome would have been different if Cox had been physically present. Although Cox claims he would have dismissed counsel and made various arguments to the trial court, these actions would not have affected the trial court's obligation to waive the fine upon a finding of indigence and, in any event, Cox could have presented his arguments through the video proceeding if he had not refused to participate. His alleged predicament stemmed from his failure to participate at all, not his lack of physical presence. For these reasons, his second assignment of error does not have arguable merit.

{¶ 14} In his third assignment of error, Cox contends the trial court erred in waiving the mandatory fine based on an "insufficient affidavit." More specifically, Cox claims his November 26, 2018 affidavit established his indigence for purposes of paying "court

costs" and costs for "representation" but not a fine. According to Cox, the trial court erred in relying on an affidavit establishing that he was indigent for purposes of "court costs" to support a finding that he was indigent for purposes of a fine.

{¶ 15} Upon review, we conclude that Cox's assertion is wholly frivolous. Cox actually filed two affidavits of indigence prior to the resentencing hearing. The first affidavit, which he filed on November 26, 2018, accompanied his "Motion to Vacate Void Judgment," which is the underlying basis for the present appeal. In that affidavit, he asserted that he earned $18 per month in prison and that he had no money to pay for representation or "costs in this matter." He also asserted that he had no assets "to satisfy the costs of maintaining this action." Thereafter, on April 2, 2019, Cox filed the same affidavit in connection with a motion to obtain a free transcript.[3]

{¶ 16} For purposes of the mandatory fine at issue, R.C. 2929.18(B)(1) provides: "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine * * * the court shall not impose the mandatory fine upon the offender."

{¶ 17} Here Cox filed two affidavits prior to resentencing alleging that he was indigent and unable to pay "costs" or "the costs of maintaining this action," including the cost of a transcript. Although the affidavits did not specifically allege that Cox's indigence rendered him unable to pay a fine, the trial court reasonably relied on his inability to pay

---

[3] Parenthetically, we note that Cox also filed a March 9, 2020 affidavit of indigence in connection with the current appeal. Therein, he claimed that he had no assets or financial support and could not "afford to pay for any legal services, fees or costs in the above-styled case."

"costs" to infer that he was equally indigent for purposes of a fine, which likely would be a more onerous financial obligation than paying for a transcript or a filing fee. In short, based on Cox's sworn claim that he was unable to pay any "costs," the trial court did not err in finding him unable to pay a substantial mandatory fine.

{¶ 18} In opposition to our conclusion, Cox cites *State v. Harris*, 6th Dist. Fulton No. F-04-005, 2005-Ohio-1779, *rev'd in part on other grounds, In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174. In *Harris*, the Sixth District held that the defendant could not rely on an affidavit of indigence for purposes of receiving appointed counsel to demonstrate indigence for purposes of avoiding a mandatory fine. The reason was that the two expenses were not analogous. As the Sixth District explained: "The difference exists between a defendant's ability to raise an initial retainer in order to obtain counsel as opposed to the period of time given to gradually pay the imposed mandatory fine." *Id.* at ¶ 32. That difference does not exist in Cox's case. We agree that a defendant's inability to retain counsel does not establish his inability to pay a fine over time. Here, however, Cox swore that he lacked the ability to pay any costs associated with the proceedings below. Unlike the situation in *Harris*, here Cox's affidavits established that he could not pay costs and therefore could not pay a fine, which would involve a more substantial obligation. The third assignment of error does not have arguable merit.

{¶ 19} In his fourth assignment of error, Cox contends the trial court erred in depriving him of his right of allocution by resentencing him in his absence. As set forth above, however, Cox refused to participate in the proceedings, thereby effectively depriving himself of his right of allocution. Regardless, a violation of a defendant's right

of allocution is subject to harmless-error analysis. *State v. McBride*, 2d Dist. Montgomery No. 18016, 2001 WL 62543, *4 (January 26, 2001), citing *State v. Campbell*, 90 Ohio St.3d 320, 326, 738 N.E.2d 1138 (2000). An error is harmless if, beyond a reasonable doubt, it did not prejudice the complaining party.

{¶ 20} Here we find beyond a reasonable doubt that Cox's lack of allocution did not prejudice him. The sole issue before the trial court concerned whether to impose a fine. Cox *prevailed* on that issue. Even if we accept his unorthodox suggestion that he wanted to be fined, his two recent affidavits of indigence seeking a waiver of all "costs" on the basis that he had no money or assets effectively compelled the trial court to waive the fine. Indeed, Cox admits in his brief that a trial court "has no discretion in deciding whether to impose the fine." (Appellant's Pro Se Brief at 12.) For these reasons, we see no non-frivolous argument that Cox was prejudiced by his lack of allocution at resentencing. The fourth assignment of error does not have arguable merit.

{¶ 21} In his fifth assignment of error, Cox contends the trial court erred when it failed to include his "entire sentence" in one judgment entry.

{¶ 22} Cox notes that his original March 7, 2011 judgment entry omitted a required part of his criminal sentence, namely the imposition of a mandatory fine in the absence of an affidavit of indigence. In its July 3, 2019 entry, the trial court recognized this defect and agreed with Cox that the original judgment entry was void insofar as it failed to impose a fine, which was a statutorily mandated term. As set forth above, the trial court subsequently held a resentencing hearing limited to the issue of the fine. During the hearing, defense counsel noted that an affidavit of indigence had been filed on November 26, 2018 and requested waiver of the fine on that basis. (Feb. 7, 2020 Tr. at 3-4.) The

trial court agreed to waive the fine. On February 14, 2020, the trial court filed an "entry" memorializing what had occurred at the resentencing hearing. The entry stated:

> The Court set this matter for [a] resentencing hearing limited solely to imposition of the mandatory fine pursuant to R.C. 2925.03(D)(1). On February 7, 2020 the matter came before the Court. An audio/video connection was established with ODRC. ODRC reported that the Defendant refused to report to the telecommunication room for purpose of meeting with his attorney or participating in the hearing or both.
>
> The Court conducted the hearing. Counsel moved the Court to waive the mandatory fines.
>
> Upon motion by the Defendant and for good cause shown, the Court waives the mandatory fine in the above captioned case. The Defendant's fine is set at $0.00.
>
> IT IS SO ORDERED.

{¶ 23} On appeal, Cox argues that the foregoing entry is not a proper "judgment entry" upon resentencing because it does not recite the things contained in the original March 7, 2011 judgment entry, particularly his "entire sentence." Because the trial court's February 14, 2020 entry only addresses the fine issue, Cox argues that is necessary to consult the March 7, 2011 judgment entry to determine the rest of his sentence. Cox asserts that having his sentence contained in two entries violates the one-document rule discussed *in State v. Baker*, 119 Ohio St. 3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. In essence, the one-document rule requires the fact of conviction and the sentence to be contained

within one document.

{¶ 24} We note that when a limited resentencing occurs for the proper imposition of post-release control, R.C. 2929.191 authorizes a trial court to issue a nunc pro tunc "correction to the judgment of conviction." In such a case, "an entirely new sentencing entry" may not be required. *See, e.g., State v. Williams*, 9th Dist. Summit No. 27101, 2014-Ohio-1608, ¶ 12. In the present case, however, the resentencing did not involve post-release control, and the trial court did not purport to make a nunc pro tunc correction to the 2011 judgment entry. But unlike other cases involving the one-document rule, the trial court's February 14, 2020 entry also *did not* "correct the judgment of conviction" or change Cox's original sentence at all. The March 7, 2011 judgment entry imposed a fine "in the sum of $0." The trial court's February 14, 2020 entry simply adhered to that prior judgment based on a recently filed affidavit of indigence and at the request of Cox's counsel. Therefore, Cox's fine remained set at "$0.00" just as it originally was in 2011. Under the peculiar circumstances of this case, we see no need or reason to remand the matter for the trial court to file an entirely new sentencing entry that would be identical to its existing March 7, 2011 entry. Doing so would serve absolutely no purpose. The fifth assignment of error does not have arguable merit.

{¶ 25} Finally, pursuant to *Anders*, we have examined the record ourselves for potential appellate issues. We particularly considered the possibility that the trial court may have erred in waiving Cox's fine at resentencing based on an affidavit of indigence that did not exist at the time of his original sentencing. But even if we assume, purely arguendo, that acting on a new affidavit would be error, we see no non-frivolous appellate issue for at least two reasons. First, Cox benefitted from the trial court's consideration of

the affidavit insofar the otherwise mandatory fine was waived. Second, defense counsel relied on the affidavit at resentencing and *asked* the trial court to waive the fine. Therefore, any error in the trial court relying on the affidavit of indigence would have been invited error and without arguable merit. In the end, we conclude Cox's machinations are no more than a frivolous attempt to manipulate the legal process and do not have arguable merit.

{¶ 26} Based on the reasoning set forth above, we affirm the judgment of the Greene County Common Pleas Court.

. . . . . . . . . . . . .

TUCKER, P.J. and FROELICH, J., concur.

Copies sent to:

Marcy A. Vonderwell
April F. Campbell
Micah A. Cox
Hon. Stephen Wolaver